### F. J. EROL'S ADM'R, ET AL., v. AMELIA J. EROL.

**Heirs—Legal Heirs.**

> The word "heirs," or the words "legal heirs," when used with reference to personal estate are generally construed as meaning distributees, or all those who under the law take the personal estate as the next of kin, or by reason of their relation to the deceased.

APPEAL FROM FAYETTE COURT OF COMMON PLEAS.

November 27, 1877.

OPINION BY JUDGE PRYOR:

The language of the policy of insurance is: "The said company promises to pay to the aforesaid Francis J. Erol $2,500 on the 30th of April, 1890, or in the event of his previous death, then within ninety days to his legal heirs or assigns, or their executors, administrators or assigns." Is the widow entitled to a portion of this money in the distribution, or is she excluded by the terms of the policy? There is no limitation or restriction on the right of the decedent to the benefits arising from this contract of insurance. He had the same power to sell or devise its benefits as he had in regard to other personal estate owned by him. It is in effect an agreement to pay the assured and his heirs a certain sum of money.

In our opinion the only meaning to be allowed to the words "legal heirs," etc., is to indicate certainly that the assured was vested with the unconditional and absolute right to the money, and that as a part of his estate it passed to those who could take from him under the law at his death, whether they claimed as heirs or distributees. The word "heirs" or the words "legal heirs," when used with reference to personal estate, are generally construed as meaning distributees, or all those who under the law take the personal estate as the next of

kin or by reason of their relation to the deceased. The language here used is equivalent to a promise made to pay him and his heirs or legal heirs a certain sum of money. The word "heirs," in fact, neither enlarges nor limits the rights of the party to whom the note is executed, nor does it control the mode of descent or distribution in the event the party dies the owner and holder of the note. It passes under the statute as if the words "legal heirs" had not been inserted; and his children take as distributees, and not as heirs, when one attempts to give this word its technical meaning.

In the case of *Clay v. Clay, 2 Duv.* 295, it is said: "The term 'heirs' in a will, should be interpreted according to the subject-matter, when there is no other clue to its interpretation. If the subject be realty, the term should be understood in its technical import; and if the subject be personalty, the same term should be held as importing distributees or successors." 4 Kent Com. 536. Such language in a will, says Williams on executors, "means such persons as would legally succeed to the property according to its nature and quality." 2 Williams on Executors 726.

The object of the assured was to increase the amount of income for those who might survive him, and it was never contemplated by the language that the next of kin, although not children, should take because they were heirs, thereby excluding his widow from any interest in the fund. The writing, however, in a case of this character, must speak for itself, and it is evident that the language used placed no limitation to the right of the assured, and that it passed from him to his next of kin or distributees as if the words "legal heirs, their representatives, etc.," had been omitted, and if required in a case like this to give a meaning to the words "legal heirs" when applying it to personal estate, there being nothing else to indicate the manner in which it is to pass, the language must be interpreted so as to embrace all those who would take such property from the decedent under the statute of descent and distribution. The court below adjudging that the widow was entitled, that judgment must be *affirmed.*

*R. A. Beckner, A. Duvall, for appellants.*

*Kincaid & Darnall, for appellee.* .